UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMEER FLIPPIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  19-2624 (BAH) |
| | )   Chief Judge Beryl A. Howell |
| | ) |
| MARCUS GRAY *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Ameer Flippin is a sidewalk vendor who received a citation for vending on the National Mall without a license.  Appearing *pro se*, plaintiff has brought suit under 42 U.S.C. § 1983 and the Sherman Antitrust Act, 15 U.S.C.  § 1,  against the District of Columbia and several federal defendants, including the United States Park Police and three officers in their official capacities; the United States Capitol Police Department; and the Smithsonian Institution.  *See* Compl. at 2-3, ECF No. 1.  The federal defendants have filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 14, as has the District of Columbia, ECF No. 20.[1]  Plaintiff has filed no opposition to either motion.  *See* Min. Order (Nov. 20, 2019) (enlarging the time for plaintiff to respond to both motions by December 20, 2019,

---

[1]   In addition to naming the District of Columbia and Mayor Muriel Bowser "in an Official Capacity," plaintiff has named the D.C. Metropolitan Police Department (MPD) and MPD Chief Peter Newsham "in an Official Capacity." Compl. Caption.  The District of Columbia is the real party in interest because (1) "it is well settled that the MPD is *non sui juris* and, therefore, cannot sue or be sued," *Heenan v. Leo*, 525 F.Supp.2d 110, 112 (D.D.C.2007) (citations omitted), and (2) official-capacity claims "are equivalent to a suit against the municipality itself," *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996).

and reiterating that the case might be dismissed); Order (Sept. 26, 2019) (setting initial deadline and cautioning that dismissal might result from federal defendants' unopposed motion); Order (Oct. 7, 2019) (same regarding D.C. defendants' motion).  For the reasons explained below, each motion is granted for want of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff alleges that on August 25, 2019, he "was involved in an ongoing, valid, and existing vending business . . . with National Mall Tourists," selling bottled water and souvenir t-shirts, when U.S. Park Police Officer Marcus Gray "issued a DC municipal citation (ticket) for vending on the sidewalk."  Compl. ¶ 3; *see* Compl. Ex., ECF No. 1-1 (citation for vending violation and $50 fine).  Allegedly, Gray and U.S. Park Police Robert Welsted "have interfered" with plaintiff's "business activities . . . on the sidewalk at the corner of Constitution Avenue and 12th Street in front of the Smithsonian Natural History Museum," and plaintiff "believe[s]" that they are "conspiring with private third parties that have a financial and economic interest in this matter and vending on the National Mall."  *Id*.

According to Gray's report of the incident, prepared on September 4, 2019, plaintiff disputed that he needed "a permit through the National Park Service" because he was "a small vendor[.]"  Fed. Defs.' Mot. to Dismiss, Ex. 1 ("General Report"), ECF No. 14-1.  Gray gave plaintiff "the option of receiving a citation and leaving the area without further incident" or being "placed under arrest" for violating 36 C.F.R. § 7.96(k)(1) and "disobeying a lawful order."  *Id*.  Eventually, plaintiff opted for the former and left "without further incident."  *Id*.

On August 30, 2019, plaintiff initiated this action by filing an emergency motion for a temporary restraining order and preliminary injunction, which was twice denied.  *See* Order

(Aug. 30, 2019), ECF No. 5; Min. Order (Sept. 25, 2019) (considering plaintiff's previously omitted memorandum in support of emergency relief).  In the accompanying Complaint, plaintiff seeks a preliminary and permanent injunction "for Relief from Citation and Arrest" and "[c]ompensatory damages in the amount of $50,000."  Compl. at 6.

## II. LEGAL STANDARD

Article III of the Constitution restricts the power of federal courts to hear only "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1.  Indeed, federal courts are "forbidden . . . from acting beyond [their] authority," *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), and "have an affirmative obligation 'to consider whether the constitutional and statutory authority exist for [them] to hear each dispute,' " *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992)).  Absent subject-matter jurisdiction over a case, the Court must dismiss it.  Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), plaintiff bears the burden of demonstrating the court's subject matter jurisdiction over the claims asserted.  *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).  When considering a motion to dismiss under Rule 12(b)(1), the court must accept as true all uncontroverted material factual allegations contained in the complaint and "'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged' and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).  The court need not accept inferences drawn by the plaintiff, however, if those inferences are unsupported by facts

alleged in the complaint or amount merely to legal conclusions.  See *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  Moreover, in evaluating subject matter jurisdiction, the court "may consider materials outside the pleadings."  *Am. Freedom Law Ctr. v. Obama*, 821 F.3d 44, 49 (D.C. Cir. 2016); *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005); *Herbert*, 974 F.2d at 197 (in disposing of motion to dismiss for lack of subject matter jurisdiction, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").

Where, as here, a defendant files a motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the Rule 12(b)(1) grounds for dismissal are examined first "as subject matter jurisdiction presents a threshold question."  *El Paso Natural Gas Co. v. United States*, 750 F.3d 863, 874 (D.C. Cir. 2014) (citing *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011) and *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)).

### III. DISCUSSION

The federal defendants contend that jurisdiction is lacking because plaintiff cannot maintain an action under either Section 1983 or the Sherman Act.  Mem. of Pts. & Auth. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem."), at 8-11, ECF No. 14.  The Court agrees.

**A. Sovereign Immunity**

Sovereign immunity bars lawsuits against the United States, its agencies and its employees sued in their official capacities, absent an unambiguous waiver by the federal government.  *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government [from suit] . . . ."); *Kentucky v. Graham*,

473 U.S. 159, 165-66 (1985) (noting that suit against a government official in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent," such that "an official capacity suit is, in all respects other than name . . . a suit against the entity"); *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011) (holding that "no *Bivens* claim is available against [IRS employees] in their official capacities . . . ."); *Perkins v. Ashcroft*, 275 Fed. App'x. 17 (D.C. Cir. 2008) ("to the extent appellant was attempting to sue the former Attorney General in his official capacity, the action is barred by sovereign immunity"). This means that a waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied."  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).

By its terms, Section 1983 creates a private right of action against a person who deprives another of a constitutional right while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."  42 U.S.C. § 1983.  Nothing in the statute waives the United States' immunity from such suits.

Similarly, "the United States is not an antitrust 'person,' in particular not a person who can be an antitrust defendant" under the Sherman Act.  *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 745 (2004) (examining *United States v. Cooper Corp.*, 312 U.S. 600, 614 (1941)).  Even when Congress added a provision authorizing the United States to sue for antitrust violations, it "implicitly ratified *Cooper's* conclusion that the United States is not a proper antitrust defendant."  *Id*.  Therefore, the claims against the federal defendants must be dismissed.

### B. Legal Standing to Sue

The District of Columbia challenges plaintiff's standing, which also "is a threshold issue requiring resolution." *Friends of Animals v. Jewell*, 82 F. Supp. 3d 265, 271 (D.D.C. 2015), *aff'd*, 824 F.3d 1033 (D.C. Cir. 2016). This is because "the defect of standing is a defect in subject matter jurisdiction," *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987), and a "plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (internal quotations omitted).

The District contends that plaintiff lacks standing because he has alleged no injury attributable to the District. *See* Mem. of Pts. & Auth. in Supp. of D.C. Defs.' Mot. to Dismiss ("D.C. Mem."), at 4-5, ECF No. 20-1. Again, the Court agrees.

The Supreme Court has explained that "the irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff must show: (1) he has suffered an "injury in fact" that is (a) "concrete and particularized" and (b) "actual or imminent, not conjectural or hypothetical;" (2) there must be "a causal connection between the injury and the conduct complained of" such that the injury is "fairly traceable to the challenged action of the defendant;" and (3) it must be "likely," as opposed to merely speculative, that the injury will be "redressed by a favorable judicial decision. " *Id*. (internal quotations omitted). In short, "[t]he plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1386 (2014).

Plaintiff's alleged injury is not traceable to the District of Columbia.  The District asserts correctly that this action "stem[s] wholly from the citation issued on August 25, 2019," by a federal Park Police officer, on a Park Police form.  D.C. Mem. at 4; Compl. Ex. 1 ("USPP Form 79").  Moreover, the alleged vending site, the National Mall at 12th and Constitution Avenue, N.W.,  is "federal property," Fed. Defs.' Mot., Ex. 1, that falls under the jurisdiction of the National Park Service.[2]  Finally, the citation was issued for violating a federal regulation, 36 C.F.R. § 7.96  (k)(1), which states: "No sales shall be made nor admission fee charged and no article may be exposed for sale without a permit except as noted in the following paragraphs" (unrelated to plaintiff's claim).  Further, a "person convicted of violating a provision of the regulations contained in parts 1 through 7 . . . shall be subject to the criminal penalties provided under 18 U.S.C. 1865," a federal criminal statute.  36 C.F.R. § 1.3.  Therefore, the claims against the District of Columbia must be dismissed as well.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that subject matter jurisdiction is lacking over plaintiff's claims.  Accordingly, defendants' separate motions to dismiss are granted.  A separate Order consistent with this Memorandum Opinion will be filed contemporaneously.

/s/ *Beryl A. Howell*
CHIEF JUDGE

DATE:  May 19, 2020

---

[2]  *See* https://www.nps.gov/nationalmallplan/Documents/106/Handouts/McMIllanPlanMallSystems.pdf.